UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM THROWER,

                Petitioner,

-against-

STATE OF NEW YORK,

                Respondent.
----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

OPINION AND ORDER

08-CV-4901 (ARR)

ROSS, United States District Judge:

By petition dated November 13, 2008, *pro se* petitioner WILLIAM THROWER, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court has conducted an initial consideration of this petition and, for the reason set forth below, determined that the court lacks jurisdiction over this petition.

## BACKGROUND

Petitioner challenges two convictions: the first was entered on June 17, 1981 for burglary in the third degree and he was sentenced to one to three years imprisonment, the second was entered on November 11, 1994 for attempted burglary in the third degree and he was sentenced to one and one-half to three years imprisonment before the New York Supreme Court, Kings County. See Petition at 1. In both cases, petitioner pled guilty and no appeal was filed. Id. at 1-2. On April 23, 2008, petitioner was sentenced before this court to 180 months imprisonment for the unlawful transport of firearms. See United States v. Thrower, No. 04-CR-903. Petitioner argues ineffective assistance of counsel, fabricated records, denial of due process, and that his attorney and the state courts "failed to make petitioner aware that conviction would later be used to enhance him." Pet. ¶ 11(b)(5). He seeks to vacate the state convictions "as constitutionally infirm." Pet. at 15.

## DISCUSSION

A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction. 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989). When a petitioner's sentence for a conviction has fully expired, the conviction may not be challenged because the petitioner is no longer "in custody" pursuant to that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 401-02 (2001). The collateral consequences of a conviction for which the sentence has completely expired are insufficient to render a petitioner "in custody" under 28 U.S.C. § 2254(a); Maleng, 490 U.S. at 492.

Here, petitioner challenges two state convictions wherein he pled guilty in 1981 and 1994. The sentences in both state conviction fully expired prior to the filing of this petition on November 13, 2008. Indeed, more than 24 years have elapsed since petitioner's 1981 conviction expired and more than 10 years have elapsed since petitioner's 1994 conviction expired. Thus, at the time petitioner filed the instant habeas corpus petition, he was no longer serving his sentence of imprisonment for either conviction and he was not in custody pursuant to a judgment of a State court. Lackawanna, 532 U.S. at 401-02. See, e.g., Ortiz v. State of New York, 75 Fed. Appx. 14, 17 n. 2 (2d Cir. 2003) (noting that petitioner could not bring a § 2254 petition because he is no longer in state custody).

However, "the 'in custody' requirement for federal habeas jurisdiction" is satisfied when a *pro se* petition, liberally construed, "can be read as asserting a challenge to [a current] sentence[], as enhanced by [an] allegedly invalid prior conviction." Maleng, 490 U.S. at 493-94. While petitioner argues that his current federal sentence was enhanced by the prior state convictions, he does not challenge the current sentence. See Pet. ¶¶ 1-5 (challenging two state court convictions). In any event, a motion to vacate the federal sentence pursuant to 28 U.S.C. § 2255 based solely on the use of

2

prior state convictions to enhance his federal sentence would fail. In <u>Daniels v. United States</u>, the Supreme Court held that

> If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), then that defendant is without recourse. The presumption of validity that attached to the prior conviction at the time of sentencing is conclusive, and the defendant may not collaterally attack his prior conviction through a motion under § 2255. A defendant may challenge a prior conviction as the product of a *Gideon* violation in a § 2255 motion, but generally only if he raised that claim at his federal sentencing proceeding. See <u>United States v. Frady</u>, 456 U.S. 152, 167-168 (1982) (holding that procedural default rules developed in the habeas corpus context apply in § 2255 cases); see also <u>Reed v. Farley</u>, 512 U.S. 339, 354-355 (1994).

532 U.S. 374, 382-383 (2001); <u>see also</u> <u>Lackawanna</u>, 532 U.S. at 402; <u>Gonzalez v. United States</u>, 337 F.Supp.2d 419, 421-23 (E.D.N.Y. 2004) (district court declined, in the context of a 2255 motion, to reach the merits of petitioner's challenge to his state convictions based on ineffective assistance of counsel).

## CONCLUSION

Accordingly, petitioner fails to satisfy the "in custody" requirement and this court lacks jurisdiction over the pending petition. The instant petition for a writ of habeas corpus is therefore denied. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The court certifies that any

appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
December 16, 2008